PAUL J. ARMOUR v. RICHARD McMICHAEL.

1. A person who takes a note before its maturity in payment of or as security for a precedent debt, is a *bona fide* holder of it for value, and entitled to protection as such.
2. Since the supplement of February 15th, 1871, a note without the words "without defalcation or discount," is as secure against defences in the hands of a *bona fide* holder before maturity, as a note with those words would have been before that time.

In case.   On motion to confirm report of referee.

Argued at June Term, 1872, before Justices DALRIMPLE, DEPUE and VAN SYCKEL.

For the plaintiff, *Wm. Brinkerhoff.*

For the defendant, *Jos. F. Randolph.*

The opinion of the court was delivered by
VAN SYCKEL, J.   This action is on a promissory note, of which the following is a copy :

$2500.                         NEW YORK, June 15, 1871.
Ninety days after date I promise to pay to the order of John G. Armour, twenty-five hundred dollars, payable at the Mechanics' and Traders' Bank, value received, (with current rate of exchange on New York.)
                                        R. McMICHAEL.
Endorsed—JOHN G. ARMOUR.

The case was referred to a referee, who has reported in favor of the plaintiff the full amount of the principal and interest of the note.

The defendant resists the application to have this report confirmed and judgment ordered thereon.

By the evidence on the part of the plaintiff, it appears that the payee endorsed the note to him on the day next after it was given, and that he held it until the 20th day of the

following July, at which date he discounted it and gave to the payee credit for the proceeds upon an account he then had against him.

The defendant's counsel offered to prove in defence before the referee, that there were equities between the original parties to the note, and that the payee of the note really owed the defendant.

No offer was made to contradict the evidence on the part of the plaintiff that he discounted the note without any knowledge of existing equities between the defendant and payee, but it was insisted that the plaintiff took it without consideration, inasmuch as he received it June 16th, 1871, and did not pass proceeds to the payee's credit until July 20th, following.

The question is, whether the defence was admissible.

It cannot affect the standing of the plaintiff as a *bona fide* holder for value that he had the note in his possession by endorsement for about one month before he actually discounted it, and gave the endorser credit for the avails of it. There was no offer to contradict the statements on behalf of the plaintiff, that the consideration actually did pass before he had any notice of a defence.

The plaintiff, in taking this note in payment of, or as security for a precedent debt, became a *bona fide* holder for value, and is entitled to protection as such. *Swift* v. *Tyson*, 16 *Peters* 1 ; *Allaire* v. *Hartshorn*, 1 *Zab.* 665.

Can the proffered defence be available against a *bona fide* holder for value of this security ?

The note, which does not contain the words without defalcation or discount, was drawn subsequent to the 15th of February, 1871, at which time the act took effect which repeals the proviso in the fourth section of our act concerning promissory notes.

In *Youngs* v. *Little*, 3 *Gr.* 1, and *Cumberland Bank* v. *Hann*, 3 *Harr.* 222, it was held that a promissory note made in this state, containing the words " without defalcation or

discount," had precisely the force and effect, under our statute, that a note without those words had at common law.

Our statute, since the repealer of 1871, is substantially a copy of 3 and 4 *Anne*, the design of which was to put promissory notes on the footing of inland bills of exchange.

So that now, by force of the supplement of February 15th, 1871, this promissory note is as secure, in the hands of a *bona fide* holder without notice against the proposed defence, as a note with the omitted words in it would have been before the repeal.

This contract was made in the State of New York, to be performed there, and in construing it we must be governed by the *lex loci contractus*. The remedy to enforce it must be according to the *lex fori*.

No proof having been submitted that in New York a different rule prevails from that which applies here, it is not necessary to consider whether the question of allowing set-off is to be considered as part of the remedy, and therefore to be controlled by our own law. 3 *Vroom* 104.

In my opinion the defence was properly rejected, and the plaintiff is entitled to his judgment upon the report.